**In re Mary Frances BECK, Debtor.**

**Jeffrey C. TAYLOR, Trustee, Plaintiff,**

**v.**

**ASSUMPTION COOPERATIVE GRAIN COMPANY, Defendant.**

**Bankruptcy No. 87–70826.**
**Adv. No. 88–7064.**

United States Bankruptcy Court,
C.D. Illinois.

Nov. 17, 1988.

**162**

Jeffrey C. Taylor, Decatur, Ill., Trustee.

Ronald Periard, Taylorville, Ill., for Assumption Coop. Grain.

## OPINION

LARRY L. LESSEN, Chief Judge.

This matter is before the Court on the petition of the Trustee seeking turnover of property in the possession of the Defendant, Assumption Cooperative Grain Company. The parties agreed at a hearing held May 4, 1988, to have the Court decide the matter on the basis of briefs filed subsequent to the hearing.

The Assumption Coop is a farmer-owned cooperative, organized under Illinois law. Two provisions of the Articles of Incorporation and By–Laws are relevant to this adversary proceeding. Article XII of the Articles of Incorporation provides that

Amounts carried to reserves from business done in any year shall be allocated on the books of the association on a patronage basis for that year or in lieu thereof the books and records of the association shall afford a means for doing so at any time in order that in the event of dissolution or earlier, if deemed advisable in the sole discretion of the Board of Directors, such reserves or any part thereof may be returned to patrons.

The Articles of Incorporation and By–Laws further provide that the Coop has a first lien on all patronage earnings for any indebtedness of its stockholders to the Coop. Article XIV of Articles of Incorporation, Article II, Section 4 of By–Laws.

The Debtor, Mary Frances Beck, is a member of the Coop and has an allocated retained earnings account as described in Article XII above. As of the date of filing her bankruptcy petition, May 11, 1987, the Debtor had accrued in her account $7666.28. As of the same date, the Debtor owed the Coop the sum of $8709.58. The Coop filed a proof of claim for that sum plus interest accruing from the date of filing of the bankruptcy petition. In its proof of claim, the Coop asserted a right to offset the debt owing the Debtor against the Coop's claim, pursuant to Sec. 553 of the Bankruptcy Code. 11 U.S.C. Sec. 553.

In a letter to the Trustee dated September 22, 1987, responding to the Trustee's inquiry regarding the status of the Debtor's account, the manager of the Coop wrote the following:

Mary does have an allocated retained earnings balance with us. Her earnings are listed below with the year they were earned next to them.

| | | | | | |
|---|---|---|---|---|---|
| 1977 | $1,586.98 | 1978 | $ 534.79 | 1979 | $1,061.52 |
| 1980 | 1,643.24 | 1981 | 1,090.84 | 1982 | 305.30 |
| 1983 | 767.18 | 1984 | 13.62 | 1985 | 153.83 |
| 1985 | 508.96 | 1987 | 97.74 | | –0– |
| TOTAL ALLOCATED EARNINGS | | | | | $7,764.00 |

These funds are payable either as we redeem them, when the patron retires from the farming operation, or upon death with payment going to the estate.

In the case of Mary, since she is now completely out of the farm operation, she would be eligible to receive these funds upon demand. However, due to an outstanding debt to the Assumption Cooperative of $8,725.23, these funds have been secured in accordance with our Articles of Incorporation and Bylaws, as filed on July 7, 1987.

Letter attached to argument of Trustee filed May 14, 1988.

The Trustee contends that the money in the Debtor's account is property of the estate under Sec. 541 of the Bankruptcy Code, 11 U.S.C. Sec. 541, and consequently recoverable by the Trustee pursuant to Sec. 542 of the Code. 11 U.S.C. Sec. 542.

The Coop maintains that the Debtor's account is not subject to redemption at the will of the Debtor or by order of this Court; rather, sole discretionary authority to redeem lies with the Coop Board of Directors. In the alternative, the Coop argues that, if it can be compelled to redeem, it is entitled to offset the account against the claim of the Coop as a creditor of the Debtor. The Coop further claims a lien on the account pursuant to its Articles of Incorporation and By–Laws.

It appears that a Court cannot compel a farm cooperative to redeem an account such as the Debtor has, absent a

showing of abuse of discretion on the part of the coop board of directors in refusing to redeem. *In re Axvig,* 68 B.R. 910 (Bankr.N.D.1987); *In re Schauer,* 62 B.R. 526 (Bankr.D.Minn.1986); *In re Cosner,* 3 B.R. 445 (Bankr.D.Or.1980). "The 'happenstance' of bankruptcy is an insufficient reason to compel cooperatives to redeem or retire capital stock in advance of a cooperative's normal schedule for capital stock redemption." (Citations omitted). *In re Axvig, supra* at 916–917.

The Articles of Incorporation of the Coop place sole discretion in the Board of Directors regarding redemption of patronage accounts prior to dissolution of the Coop. However, the Trustee has presented some evidence supporting the conclusion that for the Coop to refuse to redeem the Debtor's patronage earnings account would, in this case, constitute an abuse of discretion. In his September 22, 1987, letter to the Trustee, the manager of the Coop states that "[t]hese funds are payable ... when the patron retires from the farming operation.... In the case of Mary, since she is now completely out of the farming operation, she would be eligible to receive these funds upon demand." (Letter from Coop to Trustee, excerpted *supra* ). The Court will reserve ruling as to whether the Coop's refusal to redeem constitutes an abuse of discretion pending a further hearing, to enable the Trustee to offer further evidence to support and the Coop an opportunity to refute this conclusion.

■ In any event, the account is property of the estate and as such is in the control and ownership of the Trustee. *In re Axvig, supra; In re Schauer,* 62 B.R. at 532; 11 U.S.C. Sec. 541. Therefore, the Trustee may still transfer or sell the Debtor's interest in the account, should the Court find that it cannot compel redemption of the Debtor's account.

■ Moreover, the lien asserted by the Coop is ineffective due to the Coop's failure

to perfect. The Trustee contends, and the Coop has not refuted, that the Debtor's account constitutes general intangible property. Perfection of a security interest in such property requires the filing of a financing statement. Ill.Rev.Stat.1987, Ch. 26, Par. 9–203. Possession does not suffice for purposes of perfecting a security interest in intangible property. *See, In re Sanelco,* 7 U.C.C.R.S. 65, 70 (D.C.Fla.1969). The Coop's lien, unperfected, is ineffective against the Trustee.

■ Regardless of the outcome on the pending issue of redemption, the Court can dispose of the issue of the Coop's entitlement to setoff under Sec. 553 of the Bankruptcy Code. 11 U.S.C. Sec. 553. The Court finds that the Coop is not entitled to setoff pursuant to Sec. 553. Section 553 provides that a creditor is entitled, with exceptions not applicable here, "to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor that arose before the commencement of the case." 11 U.S.C. Sec. 553. The Debtor's patronage earnings account reflects, in this Court's view, an ownership interest in the Coop rather than a debt due and owing. *Accord Claassen v. Farmers Grain Cooperative,* 490 P.2d 376 208 Kan. 129 (1971); *Evanenko v. Farmers Union Elevator,* 191 N.W.2d 258 (N.D. 1971); *Howard v. Eatonton Cooperative Feed Co.,* 177 S.E.2d 658, 226 Ga. 788 (1970); *Clarke County Cooperative v. Read,* 139 So.2d 639, 243 Miss. 879 (1962); *Placerville Fruit Growers Association v. Irving,* 287 P.2d 793, 135 Cal.App.2d 731 (1955). The debt arises, if at all, at the point at which the Coop becomes obligated to redeem the account. In this case, no demand to redeem the account was made before the bankruptcy petition was filed; consequently, no "mutual debt" arose before the commencement of the case, and Sec. 553 does not apply.[1] Hence, the Coop is not entitled to setoff.

---

1. The Coop argues that if the Court finds it can compel redemption, then it must conclude that a debt arose as of the date the petition was filed, that being the effective date of the Debtor's retirement from farming. Even accepting *ar-*

*guendo* the Coop's contention, the debt arose contemporaneously with rather than prior to the commencement of the case, precluding setoff by the Coop under the facts of this case.

In sum, the Court reserves ruling on whether it can compel the Coop to redeem, pending a hearing exploring further whether refusal to redeem constitutes an abuse of discretion. The Coop's lien against the funds in the account is ineffective against the Trustee because it is unperfected. The Coop is not entitled to setoff of its claim against the Debtor's account.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.